UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL THALHEIMER; ASSOCIATED BUILDERS & CONTRACTORS PAC SPONSORED BY ASSOCIATED BUILDERS & CONTRACTORS, INC. SAN DIEGO CHAPTER; LINCOLN CLUB OF SAN DIEGO; REPUBLICAN PARTY OF SAN DIEGO; and JOHN NIENSTEDT, SR.,<br><br>                Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO; City of San Diego Ethics Commissioners RICHARD M. VALDEZ, Chair, W. LEE BIDDLE, GUILLERMO ("GIL") CABRERA, CLYDE FULLER, DOROTHY LEONARD, and LARRY S. WESTFALL, all sued in their official capacity; THE HONORABLE JERRY SANDERS, Mayor of San Diego, sued in his official capacity; JAN GOLDSMITH, City Attorney for the City of San Diego, sued in his official capacity; and ELIZABETH MALAND, City Clerk of San Diego, sued in her official capacity,<br><br>                Defendants. | **CASE NO: 09-CV-2862-IEG (WMc)**<br><br>**ORDER:**<br><br>**(1) GRANTING THE CITY OF SAN DIEGO'S EX PARTE MOTION FOR CLARIFICATION (Doc. No. 44); and**<br><br>**(2) GRANTING IN PART PLAINTIFFS' REQUEST TO PRELIMINARILY ENJOIN ECCO § 27.2951.** |

Defendant City of San Diego's ("The City") has filed an ex parte motion for clarification regarding the Court's February 16, 2010 Order ("the Order") granting in part and denying in part Plaintiffs' motion for preliminary injunction. Plaintiffs have filed a notice of joinder in the City's ex parte motion. Specifically, the parties request clarification of the Order with respect to contributions from non-individual entities (aside from political parties), such as corporations and labor unions, to independent expenditure committees. The Court GRANTS the motion, and clarifies its Order as follows.

The Order stated: "The City is preliminarily enjoined from taking any action to enforce [San Diego Municipal Election Campaign Control Ordinance ("ECCO")] Section 27.2936(b), which requires that money spent by committees to support or oppose a candidate must be attributable to contributions from individuals (not over the $500 limit)."[1] (Order at 26:8-10.) The Court clarifies that the City is preliminarily enjoined from taking any action to enforce Section 27.2936(b), with respect to contributions from individuals *and non-individual entities* to committees that make only independent expenditures.

In addition, the Court GRANTS IN PART Plaintiffs' request to enjoin Section 27.2951.[2] The Court ORDERS that the City is preliminarily enjoined from taking any action to enforce Section 27.2951, to the extent that it prohibits *committees making only independent expenditures* from accepting contributions drawn against a checking account or credit card account belonging to a *non-individual*.

**IT IS SO ORDERED.**

DATED: February 19, 2010.

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] ECCO § 27.2936(b) provides: "It is unlawful for any general purpose recipient committee to use a contribution for the purpose of supporting or opposing a candidate unless the contribution is attributable to an individual in an amount that does not exceed $500 per candidate per election."

[2] ECCO § 27.2951 provides: "For purposes of supporting or opposing a candidate seeking elective City office . . . : (a) It is unlawful for any individual to make, or any committee to accept, a contribution drawn against a checking account or credit card account unless such account belongs to one or more individuals in their individual capacity."