|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PHIL THALHEIMER; ASSOCIATED BUILDERS & CONTRACTORS PAC SPONSORED BY ASSOCIATED BUILDERS & CONTRACTORS, INC. SAN DIEGO CHAPTER; LINCOLN CLUB OF SAN DIEGO; REPUBLICAN PARTY OF SAN DIEGO; and JOHN NIENSTEDT, SR., | **CASE NO: 09-CV-2862-IEG (WMc)** |
|---|---|
| | **ORDER DENYING PLAINTIFFS' EMERGENCY EX PARTE MOTION TO VACATE STAY OF ORDER ENJOINING CONTRIBUTIONS BY POLITICAL PARTIES TO THEIR CANDIDATES** |
| Plaintiffs, | [Doc. No. 70.] |
| vs. | |
| CITY OF SAN DIEGO; City of San Diego Ethics Commissioners RICHARD M. VALDEZ, Chair, W. LEE BIDDLE, GUILLERMO ("GIL") CABRERA, CLYDE FULLER, DOROTHY LEONARD, and LARRY S. WESTFALL, all sued in their official capacity; THE HONORABLE JERRY SANDERS, Mayor of San Diego, sued in his official capacity; JAN GOLDSMITH, City Attorney for the City of San Diego, sued in his official capacity; and ELIZABETH MALAND, City Clerk of San Diego, sued in her official capacity, | |
| Defendants. | |

1

Presently before the Court is Plaintiffs' emergency ex parte motion to vacate the stay of the Court's February 16, 2010 Order (the "Order") granting preliminary injunction as to the limit on campaign contributions from political parties to candidates. (Doc. No. 70.)

The City has filed a response. Based on the parties' briefs and oral argument, and for the reasons stated herein, the Court DENIES Plaintiffs' motion.

## **BACKGROUND**

Plaintiffs Phil Thalheimer, Associated Builders & Contractors, Inc. San Diego Chapter, Lincoln Club of San Diego County, San Diego County Republican Party, and John Nienstedt ("Plaintiffs") challenge the constitutionality of San Diego's campaign finance laws on First Amendment grounds. Plaintiffs' Verified Complaint names as defendants the City of San Diego ("the City") and several government officials in their official capacity.[1] (Doc. No. 1.)

On December 21, 2009, Plaintiffs filed a motion for preliminary injunction asking the Court to enjoin the City from enforcing five sections of the San Diego Municipal Election Campaign Control Ordinance ("ECCO"). (Doc. No. 3.) On February 16, 2010, the Court issued an Order granting in part and denying in part Plaintiff's motion.[2] (Doc. No. 43.)

Relevant to this motion, the Court enjoined enforcement of Section 27.2950 to the extent it prohibits candidates from soliciting and accepting contributions from political parties. Section 27.2950(a) provides: "It is unlawful for a candidate or controlled committee, or any treasurer thereof, or any other person acting on behalf of any candidate or controlled committee, to solicit or accept a contribution from any person other than an individual for the purpose of supporting or opposing a candidate for elective City office." ECCO § 27.2950(a). The Court found Plaintiffs had demonstrated they are likely to prevail on their argument that a complete prohibition on political party contributions is not "closely drawn" to the City's interest in preventing corruption and the appearance of corruption.

---

[1] On January 8, 2010, the Court granted the parties' joint motion to dismiss all defendants except the City of San Diego. Pursuant to the joint motion, these defendants are bound by the Court's rulings with respect to the matters at issue.

[2] The parties have filed cross-appeals with the Ninth Circuit Court of Appeal regarding the February 16, 2010 Order.

(Order, at 20.) However, the Court stayed the injunction "until further order of the Court, so as to allow the City time to provide an alternative limit on the contributions." (Order, at 26.)

On April 27, 2010, the Court heard oral argument on the instant motion to lift the stay. Coincidentally, on the same day, the City Council held an open session meeting to consider a new contribution limit. (Bradley Decl. ¶ 7.) After oral argument, the City filed a supplemental document regarding the City Council's unanimous vote to introduce an ordinance limiting political party contributions to $1,000. (Doc. No. 74.) According to the City, if passed by the City Council and approved by the Mayor, the new limit would become effective by late June 2010.

## DISCUSSION

Plaintiffs move the Court to immediately lift the stay of its preliminary injunction relating to contributions from political parties to candidates, arguing that the City has had ample time to enact a new limit.

Plaintiffs contend they will suffer irreparable harm if Plaintiff San Diego County Republican Party (the "Party") cannot make contributions to support its candidates before the June 8, 2010 City Council primary election. If a candidate obtains more than 50% of the vote in the primary, that candidate wins the seat. If no candidate exceeds 50%, the top two vote-getters proceed to the November General Election in their district. Because there may be no General Election for certain seats, and even if there is a General Election, the Party's endorsed candidates may not qualify for it, Plaintiffs explain that if the Party is not allowed to contribute now, it may lose its opportunity for meaningful association with its candidates. The Party wishes to make direct contributions, in-kind contributions, and coordinated expenditures. Among other contributions, the Party wishes to contribute $20,000 to the Lorie Zapf campaign to keep the race competitive, as the frontrunner currently has $46,450.46 cash on hand, while Zapf has $19,222.[3] (Boling Decl. ¶¶ 9, 11.)

Plaintiffs further contend that the period from April 30, 2010 to May 14, 2010 is crucial for communicating with voters. Sample ballots are mailed out beginning April 30, 2010, and absentee

---

[3] In addition, the Party would contribute $5,000 to the Adrian Vazquez campaign. (Boling Decl. ¶ 12.) The Party would also make various coordinated expenditures with endorsed candidates, including paying representatives to visit voters, and in-kind contributions, including contributing office space, supplies, and equipment and paying for advertisements. (Boling Decl. ¶¶ 13-22.)

ballots are mailed out on May 10, 2010. According to Plaintiffs, over half the ballots cast in the election will likely be absentee ballots, and historically, one-third of all absentee ballots are cast within the first 72 hours after the voter receives the ballot. (Declaration of C. April Boling in Supp. of Pls.' Mot. ("Boling Decl.") ¶¶ 3-4.)

As indicated in its preliminary injunction Order, the Court is mindful of the likely harm to Plaintiffs' associational rights by a complete ban on contributions from political parties to candidates. However, the Court's Order allowed the City time to provide a new contribution limit. (Order, at 26.) Upon consideration of the parties' arguments, the balance of hardships weighs in favor of the City. Importantly, if the Court were to grant Plaintiffs' motion and lift the stay before the City's new limit is passed and becomes effective, there would be no limit on contributions from parties to candidates. During that interim period before a new limit becomes effective, parties would be able to infuse limitless amounts of money into the election. It is noteworthy that Plaintiffs want to contribute an amount 40-times larger than the $500 limit on contributions from individuals, as well as make significant coordinated expenditures and in-kind contributions. In addition, as the City argues, lifting the stay would be unfair to candidates currently leading in campaign funds, who raised funds by following the campaign finance laws as presently written.

The City represents that it is set to pass an ordinance amending the ECCO and establishing a new limit in the near future.[4] On April 27, 2010, the City Council voted unanimously to introduce an ordinance limiting political party contributions to $1,000. (Doc. No. 74.) The San Diego City Charter ("City Charter") requires that at least 12 calendar days must elapse after the City Council introduces the ordinance before it can be passed. (Bradley Decl. ¶ 8.) Thereafter, the Mayor has 10 business days

---

[4] The City's declarations show that it has been diligent in working to enact a new limit. Shortly after the Court issued its February 16, 2010 Order, the City Attorney's Office began conducting legal research and considering proposed amendments. (Declaration of Catherine Bradley in Supp. of Def.'s Opp'n ("Bradley Decl.) ¶ 3.) On March 11, the Ethics Commission made a recommendation to the City Council as to an appropriate limit. (Bradley Decl. ¶ 4.) On March 19, the Commission staff provided draft amendments to ECCO that incorporated the recommendation. (Bradley Decl. ¶ 4.) On or about March 31, Catherine Bradley of the City Attorney's Office completed the ordinance with proposed amendments. (Bradley Decl. ¶ 5.) On April 6, 2010, the City Attorney's Office submitted the final version of the proposed amendments to the ECCO to the Office of the City Clerk for the matter to docketed for a City Council meeting. (Bradley Decl. ¶¶ 5-6.) On April 27, 2010, the City Council held open session to consider the new contribution limit. (Bradley Decl. ¶ 7.)

to approve or veto the ordinance, and another 30 days must pass (the referendum period) before the ordinance takes effect.  (Declaration of Dick A. Semerdjian in Supp. of Def.'s Opp'n, Ex. 3.)  Therefore, the new $1,000 limit, if passed and approved, would go into effect by late June.

The Court will abide by the time frame set forth in the City Charter.  Plaintiffs argue that the process can be expedited pursuant to City Charter Sections 275(c) and 295, which permit the City Council to pass an ordinance "calling or relating to elections" the day the ordinance is introduced in the City Council, and make it effective the date of passage.[5]  (Declaration of Joseph La Rue in Supp. of Pls.'s Mot. ¶¶ 2-4.)   However, the Court believes these sections are not applicable.  As the City argues, this ordinance relates to campaign financing, not elections.  In addition, the City asserts that it is unaware of any ordinances relating to campaign financing being passed on the date of introduction pursuant to these sections.  (Bradley Decl. ¶ 9.)

While it is possible, as Plaintiffs argue, that the City did not initially start the process of enacting a new limit with all due speed, the Court relies on the City's representations that the City Council has now introduced a new limit, starting the time period for the new limit to become effective, and that this limit is likely to be accepted without veto.

//
//
//
//
//

---

[5] Section 275(c) provides that "ordinances calling or relating to elections" may be "passed by the Council on the day of their introduction," while other ordinances "shall be passed by the Council only after twelve calendar days have elapsed from the day of their introduction."  Section 295(d) provides that "ordinances calling or relating to elections . . . shall take effect at the time indicated therein. All other ordinances passed by the Council shall take effect at the time indicated therein, but not less than thirty calendar days from the date of their final passage."

5

09cv2862

## **CONCLUSION**

Because the balance of hardships weighs in favor of the City, the Court DENIES Plaintiff's emergency ex parte motion to vacate the stay of the Court's Order granting preliminary injunction as to the limit on contributions from political parties to candidates.

**IT IS SO ORDERED.**

**DATED: April 28, 2010.**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

6

09cv2862